[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Mark Clementel appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license for a period of six CT Page 3402 months. The commissioner acted pursuant to General Statutes 14-227b. The decision was based on the finding of the motor vehicle department hearing officer that the plaintiff, after being arrested for driving under the influence of alcohol, had refused to submit to a chemical test of the alcohol level of his blood as required by14-227b. The plaintiff's appeal is authorized by 4-183. The court finds the issues in favor of the defendant commissioner.
At the administrative hearing, the plaintiff appeared represented by counsel, but did not testify. No other witnesses were subpoenaed, and none appeared to testify. The only evidence in the record of the hearing consisted of the motor vehicle department incident report, the A-44 report form, signed by Officer Sattelberger of the Meriden Police Department, including two supplementary pages, and a separate report signed by Officer Amman, also of the Meriden Police Department. Both reports were signed under penalties of false statement, and they also indicate that the officers signed the reports under oath administered by their supervisors pursuant to 1-24.
The sole basis of the plaintiff's appeal is his contention that the hearing officer should not have admitted into evidence at the administrative hearing the reports of the two police officers involved in the case.
The plaintiff's first argument is based on Regs. State Agencies 14-227b-19, which provides that "(t)he written report filed by the arresting officer shall be admissible into evidence at the hearing. . ." The plaintiff claims that Officer Sattelberger, who signed the A-44 report, was not the arresting officer, and he argues, therefore, that the regulation prohibits the admission of Sattelberger's report. The plaintiff bases this claim on a reference in the A-44 report to "Lt. Amman, Arresting Officer." This claim has little substance, however. The remainder of the A-44 report and Officer Amman's own report make clear that it was Officer Sattelberger who administered the field sobriety tests to the plaintiff, determined that the plaintiff failed those tests, and then arrested him for driving under the influence. The court concludes that there is sufficient evidence in the CT Page 3403 record to establish that Officer Sattelberger was the "arresting officer," as that term is used in the regulation in question. Accordingly, it was not error to admit the A-44 report on that basis.
The plaintiff also objected to the admission of Officer Amman's report. As noted, that report was signed under penalty of false statement and was also signed under oath administered by a third police officer. It contains Officer Amman's personal observations of the plaintiff operating his vehicle, a statement of his reasons for stopping him, and his observations of the plaintiff in the custody of Officer Sattelberger, taking the sobriety tests. It also contains a statement that Officer Sattelberger arrested the plaintiff "for DWI." Amman's report contains no hearsay statements.
General Statutes 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission, 4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). Although there are exceptions to this rule, the plaintiff has advanced no persuasive reason for excluding the report of Officer Amman in this case.
Lastly, the plaintiff objected at the hearing to the introduction of the reports on the basis that they were photocopies and he had no opportunity to compare them with the originals. The plaintiff did not make any specific claim that the copies were inaccurate or false. In response, the hearing officer immediately offered to recess the hearing and continue it so that the plaintiff could subpoena the police officers and/or their original reports. The plaintiff, through counsel, declined. Under these circumstances, the plaintiff is deemed to have waived his objections to the introduction of the copies.
For all of the reasons set forth above, the plaintiff's appeal is dismissed.
MALONEY, J. CT Page 3404